UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
WACO DIVISION

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

      Plaintiff,

      -vs.-

AMAZON.COM, INC., AMAZON.COM
SERVICES LLC, and EERO LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

The Honorable
Alan D. Albright

No.: 6:21-cv-00619-ADA

JURY TRIAL DEMANDED

**DEFENDANT EERO LLC'S MOTION TO
DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY,
<u>TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

## TABLE OF CONTENTS

INTRODUCTION -------------------------------------------------------------------------------------- 1

FACTUAL BACKGROUND ------------------------------------------------------------------------------ 1

    I.      THE COMPLAINT'S VENUE ALLEGATIONS ------------------------------------- 1

    II.     EERO'S LACK OF PRESENCE IN TEXAS----------------------------------------- 2

LEGAL STANDARD ------------------------------------------------------------------------------------- 3

    I.      MOTION TO DISMISS UNDER 12(b)(3) --------------------------------------- 3

    II.     THE PATENT VENUE STATUTE REQUIREMENTS ARE CLEAR ------------ 3

    III.    TRANSFER UNDER 28 U.S.C. § 1406(A) --------------------------------------- 5

ARGUMENT ----------------------------------------------------------------------------------------------- 6

    I.      THE WESTERN DISTRICT OF TEXAS IS AN IMPROPER VENUE
           FOR EERO AND THE COMPLAINT AGAINST EERO
           SHOULD BE DISMISSED -------------------------------------------------------- 6

          A.    eero Does Not Reside in the Western
                District of Texas-------------------------------------------------------------- 6

          B.    eero Does Not Have a Regular and Established Place of
                Business in the Western District of Texas------------------------------- 7

                1.    eero Does Not Have a Physical Place in
                      the Western District of Texas ------------------------------------- 7

                2.    eero Does Not Have a Regular and
                      Established Place of Business in This District----------------------- 8

                3.    Any Locations in the Western District
                      Are Not eero's Place of Business-------------------------------------- 9

    II.     IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER
           THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA ------------- 11

CONCLUSION------------------------------------------------------------------------------------------- 14

# TABLE OF AUTHORITIES

*Cases:*                                                                                                              *Page(s):*

*Action Indus., Inc. v. US. Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ------------------------------------------------------------- 5

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
   No. 6:13-CV-362, 2014 WL 10748106 (W.D. Tex. June 11, 2014)-------------------------------13

*Am. Cyanamid Co. v. NOPCO Chem. Co.*,
   388 F.2d 818 (4th Cir. 1968) ------------------------------------------------------------- 5

*Ambraco, Inc. v. Bossclip B.V.*,
   570 F.3d 233 (5th Cir. 2009) ------------------------------------------------------------- 3

*Blue Spike, LLC v. Caterpillar, Inc.*,
   No. 6:16-CV-01361-RWS, 2017 WL 4129321 (E.D. Tex. Sept. 19, 2017) ------------------3, 10

*Blue Spike, LLC v. Nook Digital, LLC*,
   No. 6:16-CV-1361-RWS-JDL, 2017 WL 3263871 (E.D. Tex. July 28, 2017) ------------------10

*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*,
   240 F. App'x 612 (5th Cir. 2007) ------------------------------------------------------------- 3

*Correct Transmission LLC v. ADTRAN, Inc.*,
   No. 6:20-cv-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ---------------- *passim*

*CUPP Cybersecurity LLC v. Symantec Corp.*,
   No. 3:18-CV-01554-M, 2019 WL 1070869 (N.D. Tex. Jan. 16, 2019) --------------------------11

*DataQuill, Ltd. v. Apple Inc.*,
   No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) --------------------------13

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
   No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ----------------6, 11

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ------------------------------------------------------------- *passim*

*In re Radmax Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ------------------------------------------------------------- 5

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ------------------------------------------------------------- 5

*In re Volkswagen of America, Inc.*,
   545 F.3d 304, 312 (5th Cir. 2004) (en banc) ------------------------------------------------------------- 5

*Koss Corp. v. Skullcandy, Inc.*,
No. 6-20-CV-00664-ADA, 2021 WL 1226557 (W.D. Tex. Mar. 31, 2021) -------------- *passim*

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) ----------------------------------3, 9, 10

*MasterObjects, Inc. v. Amazon.com, Inc.*,
No. 20 CV 3478 (PKC), 2020 WL 6075528 (S.D.N.Y. Oct. 15, 2020) ----------------------------11

*Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*,
No. 6:19-cv-00721-ADA, 2020 WL 4289388 (W.D. Tex. Jul. 27, 2020) --------------------- 5, 9

*Phillips v. Baker*,
121 F.2d 752 (9th Cir. 1941) ------------------------------------------------------------------ 9

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
137 S. Ct. 1514 (2017)------------------------------------------------------------------- 3, 4, 6

*Vocalife LLC v. Amazon.com, Inc.*,
No. 2:19-CV-00123-JRG, 2019 WL 6345191 (E.D. Tex. Nov. 27, 2019) -----------------------11

*Westech Aerosol Corp. v. 3M Co.*,
927 F.3d 1378 (Fed. Cir. 2019) ------------------------------------------------------------- 4

*XR Communications, LLC, v. Ruckus Wireless, Inc., et al.*,
No. 18-CV-01992-WHO, 2021 WL 3918136 (N.D. Cal. Sept. 1, 2021) ------------------------12

*Statutes:*

28 U.S.C. § 1400 --------------------------------------------------------------------- *passim*

28 U.S.C. § 1406 ----------------------------------------------------------------------1, 5, 13

28 U.S.C. § 1440 ------------------------------------------------------------------------ 4

*Rules:*

Fed. Rule Civ. P. 12-------------------------------------------------------------------1, 5, 13

*Miscellaneous:*

14D Wright & Miller, Fed. Prac. & Pro., § 3823 ---------------------------------------------10

## INTRODUCTION

Defendant eero LLC ("eero") respectfully moves to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406(a), or, alternatively, to transfer venue to the Northern District of California.  Proper venue in a patent infringement suit is "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Under either part of the statute, venue in the Western District of Texas is improper as to eero.

## FACTUAL BACKGROUND

## I.    THE COMPLAINT'S VENUE ALLEGATIONS

Plaintiff XR Communications LLC d/b/a Vivato Technologies ("plaintiff" or "Vivato") filed its complaint in this Court on June 16, 2021, against defendants Amazon.com, Inc., Amazon.com Services LLC (collectively, the "Amazon defendants"), and eero, alleging infringement of United States Patent Nos. 10,594,376 and 10,715,235.  (D.I. 1, Compl. ¶¶ 16-18, 23-26, 44-46.)  Vivato's complaint states that venue is proper against all three defendants in the Western District of Texas because:

> Defendants have a permanent and continuous presence in, have committed acts of infringement in, and maintain regular and established places of business in this district. Defendants have committed acts of direct and indirect infringement in this judicial district including using and purposefully transacting business involving the Accused Products in this judicial district such as by sales to one or more customers in the State of Texas including in the Western District of Texas, and maintaining regular and established places of business in this district, including, for example, their Amazon Tech Hub located at 11501 Alterra Parkway, Austin, TX.

(*Id.* ¶ 23.)

Specific to eero, Vivato's complaint alleges that eero has a principal place of business in California and is incorporated in Delaware.  (D.I. 1, Compl. ¶ 18.)  Vivato's complaint further

-1-

states "[o]n information and belief" that eero was acquired by defendant Amazon in 2019 "and is a wholly owned subsidiary of Amazon." (*Id.*) Vivato's complaint also identifies eero job listings posted on an Amazon jobs website offering workers the ability to work from Austin or San Francisco. (*Id.* ¶ 20 (citing job listing providing options for candidates to work in "Austin or SF [i.e. San Francisco]").) Vivato's complaint contains no other statements relating to proper venue in the Western District of Texas specific to eero.

## II.      EERO'S LACK OF PRESENCE IN TEXAS

eero is headquartered in San Francisco, California and was formed in Delaware. (Declaration of Dana Lindsay in Support of Defendant eero LLC's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to the Northern District of California ("Lindsay Decl.") ¶ 4.) eero designs, manufactures, and sells mesh-networking Wi-Fi systems through e-commerce websites and retailers such as amazon.com, Best Buy, Fry's Electronics, Crutchfield, Micro Center, Abt, newegg.com, Dell, and B&H. (*Id.* ¶ 5.) eero was acquired by Amazon.com, Inc. in 2019 and is a subsidiary of Amazon.com, Inc. (*Id.* ¶ 6.) While subsidiaries of eero's parent corporation Amazon.com, Inc. operate in a location known as an "Amazon Tech Hub" located at 11501 Alterra Parkway, Austin, Texas, that facility is not eero's—eero itself has no employees and does not conduct business at that facility. (*Id.* ¶ 7.) As of the filing date of the complaint, eero does not own any physical offices or lease any real estate or facilities in Texas. (*Id.* ¶ 12.)

Approximately 41 eero employees currently work remotely from home in Texas, and some of those employees reside in this district. (Lindsay Decl. ¶ 8.) eero has no requirement or expectation for these remote employees to stay in Texas—these employees are free to move and work from any location. (*Id.*) eero's product development, engineering, and sales and marketing functions are managed and run by teams in eero's San Francisco headquarters. (*Id.* ¶ 10.) No product engineering teams are present in Texas. (*Id.* ¶ 11.) eero does not represent that its

employees' homes are places where eero conducts business, and eero does not place signage, or solicit customer visits, at its employees' residences.  (*Id.* ¶¶ 13, 15.)

## LEGAL STANDARD

### I.      MOTION TO DISMISS UNDER 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a court may dismiss a case when venue is "wrong" or "improper" in the forum where the case was filed.  *Koss Corp. v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557, at *1 (W.D. Tex. Mar. 31, 2021) (Albright, J.). When considering a motion to dismiss, the Court must accept all allegations in the plaintiff's complaint as true and resolve all conflicts in favor of the plaintiff.  *Id.* (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F. App'x 612, 615 (5th Cir. 2007)).  However, the Court may consider evidence in the record beyond the facts alleged in the complaint and its admissible attachments. *Id.* (citing *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)).

Courts must also consider whether venue is proper with respect to each defendant.  *See Blue Spike, LLC v. Caterpillar, Inc.*, No. 6:16-CV-01361-RWS, 2017 WL 4129321, at *2 (E.D. Tex. Sept. 19, 2017) (citing *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997) ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.")).

### II.     THE PATENT VENUE STATUTE REQUIREMENTS ARE CLEAR.

The Patent Venue Statute, 28 U.S.C. § 1400(b), is the "sole and exclusive provision controlling venue in patent infringement actions."  *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017).  In patent infringement cases, "the plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b)."  *Correct Transmission LLC v. ADTRAN,*

*Inc.*, No. 6:20-cv-00669-ADA, 2021 WL 1967985, at *2 (W.D. Tex. May 17, 2021) (Albright, J.) (citing *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019)).

Under the Patent Venue Statute, venue is proper in a district "where the defendant resides, or where the defendant has committed [alleged] acts of infringement and has a regular and established place of business."  *Skullcandy*, 2021 WL 1226557, at *1 (quoting 28 U.S.C. § 1440(b)).  The Supreme Court defined residence for purposes of § 1400(b) as the defendant's state of formation.  *TC Heartland*, 137 S. Ct. at 1517.  A defendant has a "regular and established place of business" in any district where (1) a defendant has a physical place, (2) the physical place is a regular and established place of business, and (3) the physical place is the place of the defendant. *Skullcandy*, 2021 WL 1226557, at *1 (citing *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)). As the Court has explained:

> A "place" requires a "building or part of a building set apart for any purpose" or "quarters of any kind" where business is conducted. "Regular" indicates a steady, uniform, orderly, and methodical manner of business operations.  "Established" denotes that the place of business is settled certainly or fixed permanently. Courts should consider whether the defendant lists the place of business on its website or other directory, or whether the defendant's name appears on the building's sign.  Even so, "the fact that the defendant advertised the place as its place of business or has an office in that place is not sufficient to establish venue."  "The defendant must actually engage in business from that location."

*Id*.  (quoting *Cray*, 871 F.3d at 1362-64).

That a company's employees work from their homes within a district does not establish that venue is proper in that district as to their employer.  "For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers."  *Cray*, 871 F.3d at 1365.  "The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the

work that he does for the defendant." *Id.* (citing *Am. Cyanamid Co. v. NOPCO Chem. Co.*, 388 F.2d 818, 820 (4th Cir. 1968)). Instead, the facts must show that home is the place *of the defendant*. *ADTRAN*, 2021 WL 1967985, at **3-4; *see Cray*, 871 F.3d at 1365.

### III.   TRANSFER UNDER 28 U.S.C. § 1406(A)

If a court finds venue is improper, then the court must dismiss, or, in the alternative, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*, No. 6:19-cv-00721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. Jul. 27, 2020) (citing 28 U.S.C. § 1406(a)). Thus, in assessing whether transfer is appropriate, the court must determine whether the transferee venue is one in which the case could have been filed. *ADTRAN*, 2021 WL 1967985, at *2 (citing 28 U.S.C. §1406(a); Fed. R. Civ. P. 12(b)(3)). This further involves analyzing whether transfer would promote the interest of justice and/or the convenience of the parties and witnesses.[1] *Id.* (citing *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc)). "Courts faced with the choice between dismissal and transfer frequently consider factors such as any possible statute of limitations issues, whether the plaintiff's claim appears to have any significant prospect of success, and whether transferring the case rather than dismissing it would disserve judicial economy." *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-

---

[1] The Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Id.* (citing *Action Indus., Inc. v. US. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). Private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* However, these factors need only be considered when two venues are being evaluated where each venue has been determined to be proper.

728-WCB-RSP, 2018 WL 2544564, at *5 (E.D. Tex. June 4, 2018) (J. Bryson sitting by designation).

## ARGUMENT

This Court should dismiss this case for improper venue because eero does not reside in or have a regular and established place of business in the Western District of Texas, and the sole alleged basis for venue, the Amazon defendants' alleged presence in Austin, cannot be imputed to eero.  Alternatively, this Court should transfer this case to the Northern District of California, where it could have been brought against eero and each of the other two defendants, and where litigating this action would be in the interests of justice and convenient for the parties and the witnesses.

I.    **THE WESTERN DISTRICT OF TEXAS IS AN IMPROPER VENUE FOR EERO AND THE COMPLAINT AGAINST EERO SHOULD BE DISMISSED.**

A.    **eero Does Not Reside in the Western District of Texas.**

The first prong of the Patent Venue Statute focuses on where the defendant resides.  28 U.S.C. § 1400(b).  The Supreme Court defined residence for purposes of § 1400(b) as the defendant's state of formation.  *TC Heartland*, 137 S. Ct. at 1517.  Vivato has not alleged that eero resides in this district, nor does it allege that eero is incorporated in Texas.  Instead, the complaint alleges that eero is a "Delaware limited liability company with a principal place of business at 660 3rd Street, 4th Floor, San Francisco, CA 94107."  (D.I. 1, Compl. ¶ 18.)  As a Delaware company, eero is a resident of Delaware; eero does not reside in Texas.  *ADTRAN*, 2021 WL 1967985, at *3 (citing *TC Heartland*, 137 S. Ct. at 1517).  As such, accepting all allegations in Vivato's complaint as true, Vivato has not established proper venue for eero under the first part of the Patent Venue Statute.

### B.      eero Does Not Have a Regular and Established Place of Business in the Western District of Texas.

The second part of the Patent Venue Statute focuses on whether the defendant committed alleged acts of infringement[2] and has a regular and established place of business in the District. 28 U.S.C. § 1400(b); *ADTRAN*, 2021 WL 1967985, at *3.  Vivato has not established that eero has a regular and established place of business in the Western District of Texas.  For eero to have a "regular and established place of business," plaintiff must prove three things: (1) that eero has a "physical place in the district," (2) that the physical place is a "regular and established place of business," and (3) that the physical place is "the place of the defendant."  *ADTRAN*, 2021 WL 1967985, at *3 (citing *Cray*, 871 F.3d at 1360); *Skullcandy*, 2021 WL 1226557, at *1 (citing *Cray*, 871 F.3d at 1360).

### 1.      eero Does Not Have a Physical Place in the Western District of Texas.

Vivato's complaint does not allege that eero owns or leases, or exercises other attributes of possession or control, over any real property in the Western District of Texas.  And Vivato cannot—as of the filing of this action, eero was not a party to any real estate leases and did not own any facilities in Texas.  (Lindsay Decl. ¶ 12.)  Vivato instead improperly conflates a facility of the Amazon defendants with eero by stating "Defendants also own, maintain, and hire workers in the Amazon Tech Hub located at 11501 Alterra Parkway, Austin, TX, in order to make, use, distribute, sell, or offer for sale certain accused products in Austin." (D.I. 1, Compl. ¶ 22.)  But eero does not own, lease, or control the Amazon Tech Hub.  (Lindsay Decl. ¶ 7.)  eero employees do not work at the Amazon Tech Hub.  (*Id.*)  That eero's parent corporation has a facility in Austin is insufficient to establish the physical place requirement as to eero, as explained below.

---

[2] eero denies that it has infringed any valid claim of the patents-in-suit, but it does not ask the Court to resolve that issue on a motion to dismiss.

Vivato's complaint does not allege any other physical location in Texas tied to eero.  To the extent Vivato might argue that eero employee homes in Texas satisfy this requirement, its complaint has not so alleged.  Regardless, eero does not own, lease, or control any of its employees' homes, as discussed in greater detail in Part I(B)(3) below.  (*Id*. ¶ 13.)  *See Cray*, 871 F.3d at 1363 ("Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place.").

Vivato's complaint fails to plead proper venue because it has not alleged or established that eero, specifically and apart from the other defendants, has a "physical place in the district." *ADTRAN*, 2021 WL 1967985, at *3; *Skullcandy*, 2021 WL 1226557, at *1.  Because this prong of the test is not satisfied, eero's motion to dismiss should be granted.

## 2.     eero Does Not Have a Regular and Established Place of Business in This District.

Vivato's complaint also does not contain any allegations specific to eero that eero has a "regular and established place of business" in the Western District of Texas.  Again, Vivato's complaint conflates the Amazon defendants with eero by stating: "By registering to conduct business in Texas and regularly conducting business in these facilities, Defendants maintain a permanent and continuous presence, and a regular and established place of business, in the Western District of Texas."  (D.I. 1, Compl. ¶ 20.)  This is incorrect with respect to eero.  As described above, eero has no facilities where it conducts business in the Western District of Texas.  (Lindsay Decl. ¶ 12.)  The Amazon Tech Hub, the sole location in Austin described in Vivato's complaint, is not a location where eero's business is conducted, regularly or otherwise.  (*Id*. ¶ 7.)

While some eero employees work from home in Texas (Lindsay Decl. ¶ 8), Vivato's complaint has not alleged that these homes can satisfy the "regular and established place of business" requirement of the Patent Venue Statute.  eero employee homes are not a "regular and

established" place of business of eero.  *Skullcandy*, 2021 WL 1226557, at *1 ("'Regular' indicates a steady, uniform, orderly, and methodical manner of business operations.  'Established' denotes that the place of business is settled certainly or fixed permanently.").  eero is not aware of any business directory or website where eero employee home addresses are listed as a place of business for eero.  *Id*. at 2 ("Courts should consider whether the defendant lists the place of business on its website or other directory, or whether the defendant's name appears on the building's sign.");  Lindsay Decl. ¶12.  eero has not authorized, sanctioned, or encouraged its employees to place eero signs on their private homes.  (Lindsay Decl. ¶ 13.)  Even if such instances had occurred at employee homes, such activity would be "sporadic activity" and insufficient for venue.  *See Nat'l Steel Car*, 2020 WL 4289388, at *5 (citing *Cray*, 871 F.3d at 1362; *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941)).  For example, eero does not and could not prevent an employee from selling his or her home and moving elsewhere outside this district.  (Lindsay Decl. ¶ 14.)

Therefore, Vivato has failed to establish that eero has a "regular and established place of business" in this District.  *See Cray*, 871 F.3d at 1363.  As a result, venue is improper against eero in the Western District of Texas under this second prong of the test as well.

### 3.    Any Locations in the Western District Are Not eero's Place of Business.

Vivato's complaint further fails to allege that the sole physical location in the Western District of Texas identified in the complaint belongs to eero.  As explained above, Vivato's complaint improperly conflates eero with the Amazon defendants.  *Magnacoustics*, 1997 WL 592863, at *1 ("[A]s firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.").  The Amazon Tech Hub described in Vivato's complaint (D.I. 1, Compl. ¶ 22) is not eero's place of business. (Lindsay Decl. ¶ 7.)  "[T]he courts ordinarily will not treat the place of business of one corporation

as the place of business of the other." *Blue Spike, LLC v. Nook Digital, LLC*, No. 6:16-CV-1361-RWS-JDL, 2017 WL 3263871, at *3 (E.D. Tex. July 28, 2017) (holding that Barnes and Noble's presence in district could not be attributed to its wholly owned subsidiary Nook Digital for patent venue purposes), report and recommendation adopted sub nom. *Blue Spike, LLC v. Caterpillar, Inc.*, No. 6:16-CV-01361-RWS, 2017 WL 4129321 (E.D. Tex. Sept. 19, 2017) (quoting 14D Wright & Miller, Federal Practice & Procedure, § 3823, at 148–49).

The employment listings identified in Vivato's complaint (D.I. 1, Compl. ¶ 20) indicating Austin as an optional location from which employees might work do not render venue proper in this district. *See ADTRAN*, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021). Again, while some eero employees work from home in Texas, Vivato has not alleged that these homes are <u>eero's</u> place of business. "As the [Patent Venue] statute indicates, it must be a place *of the defendant*, not solely a place of the defendant's employee. Employees change jobs. Thus, the defendant must establish or ratify the place of business. It is not enough that the employee does so on his or her own." *Cray*, 871 F.3d at 1363. eero does not own, lease, or control any of its employees' homes. (Lindsay Decl. ¶ 13.) As noted above, eero has not placed eero signs on its employees' private homes. (*Id.*) eero does not provide any procedure for eero customers to walk up to an eero employee's personal home to conduct business with eero. (*Id.* ¶ 15.) eero does not on its website or elsewhere list the addresses of employee homes as places where eero conducts business. (*Id.* ¶ 13.)

Without establishing that the Amazon Tech Hub, or any other location in Texas, is eero's place of business, Vivato has failed to satisfy this final prong of the "regular and established place of business" test. Because venue for eero is improper in the Western District of Texas, eero's motion to dismiss should be granted. *Magnacoustics*, 1997 WL 592863, at *1.

## II.    IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER
##        THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA.

While venue is improper in this district, it is proper in the Northern District of California.

Vivato could have brought this case in the Northern District because eero is headquartered in San

Francisco, as Vivato admits (D.I. 1, Compl. ¶ 18), and eero operates a regular and established

business there.   eero denies that it has infringed any valid claim of the patents-in-suit, but if

infringement is found, eero does not deny it sold the accused products in the Northern District of

California.[3]  This renders venue proper there.  "While Symantec denies infringement, it does not

contest that should infringement be found, it would have taken place in the Northern District of

California.  Thus, venue in the Northern District of California is proper under § 1400(b)."  *CUPP*

*Cybersecurity LLC v. Symantec Corp.*, No. 3:18-CV-01554-M, 2019 WL 1070869, at *6 (N.D.

Tex. Jan. 16, 2019) (citation omitted.).

As this case could have been brought in the Northern District of California, transfer is

appropriate if it would be in the interest of justice.  As noted above, "[c]ourts faced with the choice

between dismissal and transfer frequently consider factors such as any possible statute of

limitations issues, whether the plaintiff's claim appears to have any significant prospect of success,

and whether transferring the case rather than dismissing it would disserve judicial economy."

*EMED Techs. Corp.*, 2018 WL 2544564, at *5.  Here, Vivato faces no statute of limitations issues

---

[3] Venue is proper in the Northern District of California as to the Amazon defendants as well. While denying infringement, the Amazon defendants do not dispute that accused products have been sold in that district, rendering venue proper there.  *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123-JRG, 2019 WL 6345191, at *3 (E.D. Tex. Nov. 27, 2019) (finding suit could have been brought in the Northern District of California because "Amazon has design and development facilities for the Accused Products in the Northern District of California."); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20 CV 3478 (PKC), 2020 WL 6075528, at *1 (S.D.N.Y. Oct. 15, 2020) (observing that case could have been brought against Amazon in the Northern District of California).  Amazon.com Services LLC also operates fulfillment centers in the Northern District of California.  Thus, this entire action should be transferred to the Northern District of California.

and eero submits the claims are unlikely to succeed.  But transfer would foster rather than inhibit judicial economy because Vivato cases involving one of the patents asserted here and other related Vivato patents with overlapping inventors to the patents-in-suit are pending in the Northern District of California.  *See XR Communications, LLC v. Ruckus Wireless, Inc.*, Case No. 3:2018-cv-01992 (N.D. Cal.); *XR Communications, LLC v. ARRIS Solutions, Inc.*, Case No. 3:2018-cv-02736 (N.D. Cal.); *XR Communications, LLC v. Ruckus Wireless, Inc.*, 3:2021-cv-04679 (N.D. Cal.) (the "2021 Ruckus Case").  Vivato asserts in the 2021 Ruckus Case U.S. Patent No. 10,594,376, which is one of the two patents asserted in this case.  The Court for the Northern District of California has already construed the claims of one of Vivato's other patents and thus is familiar with the subject matter of the patents-in-suit.  *See XR Communications, LLC, v. Ruckus Wireless, Inc., et al.*, No. 18-CV-01992-WHO, 2021 WL 3918136, at *5 (N.D. Cal. Sept. 1, 2021).

Because venue is improper in this district, no comparison of the private and public convenience factors as between this district and the Northern District of California is appropriate. Nevertheless, the Northern District of California is a convenient forum for the litigation of this action.  The private factors favor the Northern District because eero witnesses responsible for designing, developing, marketing, and selling the eero products accused of infringement are located in the San Francisco area.  (Lindsay Decl. ¶ 5.)  The cost and disruption to make eero's witnesses available anywhere else would be substantially higher than if the case were to go forward in the Northern District of California's San Francisco courthouse, close to eero's headquarters. (*Id*. ¶ 4.)  Documents related to eero's products are also maintained in eero's San Francisco headquarters. (*Id*. ¶ 16.)

Many other witnesses are on the West Coast.  In fact, Vivato itself and 10 out of 11 named inventors on the asserted patents are identified as being located on the West Coast. (D.I. 1, Compl.

¶ 10; D.I. 1-1 & 1-2, Ex. A, Ex. B.)  To the extent witnesses employed by the Amazon defendants are involved, the majority of the witnesses employed by the Amazon defendants are located on the West Coast, where those defendants are headquartered.

Public factors also favor the Northern District because eero is headquartered in San Francisco, and the design, development, marketing, and technical support of the eero products were carried out by personnel in the Northern District of California, giving it a strong local interest. *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 6:13-CV-362, 2014 WL 10748106, at *3 (W.D. Tex. June 11, 2014) (Smith, J.) ("The district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case.").  Whether those employees were "willfully blind" (D.I. 1, Compl. ¶¶ 36, 52) to the asserted patents "calls into question the work and reputation" of residents of the Northern District of California, not the Western District of Texas.  *See DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014) (Sparks, J.).

As noted above, Vivato lawsuits either involving one of the asserted patents or other Vivato patents involving the same subject matter as the patents-in-suit are pending in the Northern District of California, and that court is therefore familiar with the subject matter of this action.  Therefore, judicial economy would be served by transfer of this action to the Northern District.  Finally, restrictions due to the ongoing COVID-19 pandemic weigh against lengthy travel for both private and public reasons as to eero employees and other witnesses located on the West Coast.

In view of eero's headquarters in San Francisco, and the other party and non-party contacts in the Northern District of California, the Northern District is a proper and convenient venue. Thus, if not dismissed for improper venue under Rule 12(b)(3), this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons set forth above, eero respectfully requests that this Court dismiss this action against eero for improper venue or, in the alternative, transfer this action to the Northern District of California.

September 7, 2021                                    Respectfully submitted,

                                                    /s/ Robert T. Cruzen
                                                    Deron R. Dacus
                                                    Texas State Bar No. 00790553
                                                    ddacus@dacusfirm.com
                                                    THE DACUS FIRM, P.C.
                                                    821 ESE Loop 323, Suite 430
                                                    Tyler, TX 75701
                                                    Telephone: (903) 705-1117
                                                    Fax: (903) 581-2543

                                                    Robert T. Cruzen (Admitted *Pro Hac Vice*)
                                                    Oregon State Bar No. 080167
                                                    rob.cruzen@klarquist.com
                                                    James E. Geringer (Admitted *Pro Hac Vice*)
                                                    Oregon State Bar No. 951783
                                                    james.geringer@klarquist.com
                                                    KLARQUIST SPARKMAN, LLP
                                                    121 S.W. Salmon Street, Suite 1600
                                                    Portland, OR 97204
                                                    Telephone: (503) 595-5300
                                                    Fax: (503) 595-5301

                                                    Counsel for
                                                    AMAZON.COM, INC.,
                                                    AMAZON.COM SERVICES LLC, and
                                                    EERO LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on this 7th day of September, 2021.

/s/ Robert T. Cruzen
Robert T. Cruzen